IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LEONARD RAY CLARK,                          §
               Petitioner,              §
                       §
v.                                          §    No. 3:20-cv-00176-L (BT)
                       §
                       §
K. PUTNAM,                                  §
               Respondent.            §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Petitioner Leonard Ray Clark's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the Court should dismiss the petition under Fed. R. Civ. P. 41(b).

I.

Clark filed his petition on January 22, 2020. He did not pay the filing fee or file a motion to proceed *in forma pauperis*. On January 31, 2020, the Court sent Clark a notice of deficiency and ordered him to cure the deficiency within 30 days. On February 19, 2020, Clark filed a motion to proceed *in forma pauperis*, but he did not include a certificate setting forth the balance in his prison trust fund account. On March 2, 2020, the Court sent Clark another notice of deficiency ordering him to file a copy of the certificate setting forth the balance in his prison trust fund account within 30 days of the Court's order. Clark did not respond. On May 20, 2020, the Court again sent Clark a notice of deficiency and ordered him to file a copy of the certificate setting forth the balance in his prison trust fund

1

account within 30 days of the Court's order. The Court informed Clark that failure to cure the deficiency within 30 days could result in a recommendation that this case be dismissed. More than 30 days have passed, and Clark has failed to respond to the Court's order.

## II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Clark has failed to file a certificate setting forth the balance in his prison trust fund account so that the Court can determine whether he should be permitted to proceed *in forma pauperis* in this action. This litigation cannot proceed until Clark files a copy of the certificate setting forth the balance in his trust fund account or pays the filing fee. Accordingly, the complaint should be dismissed for want of prosecution under Fed. R. Civ. P. 41(b).

## III.

The Court should DISMISS without prejudice the petition for a writ of habeas corpus under Fed. R. Civ. P. 41(b).

Signed July 16, 2020.

_____

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).