IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LEONARD RAY CLARK,** § | |
| § | |
| **Petitioner,** § | |
| § | |
| v. § | Civil Action No. **3:20-cv-176-L** |
| § | |
| **K. PUTNAM,** § | |
| § | |
| **Respondent.** § | |

### ORDER

On July 16, 2020, United States Magistrate Judge Rebecca Rutherford entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 8), recommending that the court dismiss Petitioner Leonard Ray Clark's ("Petitioner") *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 3) for want of prosecution under Federal Rule of Civil Procedure 41(b). Specifically, she notes that Petitioner has failed to file, in support of his motion to proceed *in forma pauperis*, *a* copy of the certificate showing the balance in his prison trust fund, as directed in the Magistrate Judge's order of May 20, 2020. In her order of May 20, 2020, Magistrate Judge Rutherford warned Petitioner that failure to file the certificate could result in a recommendation of dismissal. Petitioner did not file the certificate by the required deadline and did not file any objections to the Report.

Having reviewed the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the Magistrate Judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 3) for want of prosecution under Federal Rule of Civil Procedure 41(b). As the court has dismissed Petitioner's Petition, his Application to Proceed *in forma pauperis* (Doc. 5) is **denied as moot.**

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 6th day of August, 2020.

Sam A. Lindsay
United States District Judge

---

* Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)**     **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    **(b)**     **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability